UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-08935-FLA (JEMx) | Date | April 26, 2021 |
| Title | Robert H. Newell v. Gavin Newsom, et al. | | |

| Present: The Honorable | FERNANDO L. AENLLE-ROCHA |
|---|---|
| | UNITED STATES DISTRICT JUDGE |

| V.R. Vallery | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceeding:** (IN CHAMBERS) ORDER GRANTING DEFENDANT'S MOTION TO DISMISS [DKT. 31]

### Ruling

Before the court is Defendant Xavier Becerra's ("the Attorney General") Motion to Dismiss Complaint. Dkt. 31 ("Mot."). Plaintiff Robert H. Newell ("Plaintiff" or "Newell"), proceeding pro se, opposes the Motion. Dkt. 32 ("Opp."). For the reasons herein, the court GRANTS the Attorney General's Motion. Plaintiff is granted thirty (30) days' leave to amend.

The court found this matter appropriate for resolution without oral argument and vacated the hearing set for April 16, 2021. *See* Fed. R. Civ. P. 78(b); Local Rule 7-15.

### Background

On September 29, 2020, Plaintiff filed this action against three individuals, each in their respective official capacities: California Governor Gavin Newsom, California Attorney General Xavier Becerra, and Los Angeles County District Attorney Jackie Lacey.[1] Dkt. 1 ("Compl.") ¶¶ 21-24. The crux of Plaintiff's Complaint is that Cal. Fam. Code § 7822 violates his Equal Protection and Due Process rights because it allows "biological parents in agreement and single parents" to petition to surrender a child, but "not biological parents in disagreement." *Id.* ¶ 16. In short, Plaintiff takes issue with "the Government … foist[ing] a child on an unwilling parent." *Id.* ¶ 12. Plaintiff seeks, among other relief, a declaration from this court that "relinquishing a child for adoption is a fundamental right guaranteed by

---

[1] Former District Attorney Lacey has since been dismissed from the case without prejudice. Dkt. 34.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-08935-FLA (JEMx) | Date | April 26, 2021 |
| Title | Robert H. Newell v. Gavin Newsom, et al. | | |

the United States Constitution." *Id.* ¶ 83.

The Attorney General challenges Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6), arguing, inter alia, that the court lacks subject matter jurisdiction because Plaintiff lacks standing to sue, as Plaintiff does not plead any present injury to himself or his own liberty interests. Mot. at 3, 12-14.

## Discussion

"It is to be presumed that a cause lies outside [of federal courts'] limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Dismissal is appropriate when the district court lacks subject matter jurisdiction over a claim. Fed. R. Civ. P. 12(b)(1).

Article III of the Constitution requires courts to adjudicate only actual cases or controversies. *See* U.S. Const. art. III, § 2, cl. 1. "A suit brought by a plaintiff without Article III standing is not a 'case or controversy,' and an Article III federal court therefore lacks subject matter jurisdiction over the suit." *Cetacean Cmty. v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004). To establish standing, a plaintiff must show he "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016). A plaintiff must clearly allege facts demonstrating each element at the pleading stage. *Id.*

Plaintiff fails to establish he has suffered any injury. To establish injury in fact, a plaintiff must show he suffered "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotations omitted). Here, the Complaint lacks facts showing Plaintiff has any personal interest in this litigation. It does not, for example, allege Plaintiff will imminently become the parent of a child, or that he is currently the parent of a child he wishes to relinquish. Plaintiff instead argues "it is appropriate for any sexually active adult of reproductive age who is resident in the state to have standing in the issue at hand," as "the fear of the imposition of child support payments when engaged in constitutionally protected intimate sexual conduct" is sufficient. Opp. at 5.

Plaintiff, however, is required to show he is "*immediately* in danger of sustaining some *direct* injury." *City of Los Angeles v. Lyons*, 461 U.S. 95, 102 (1983) (emphasis added). Plaintiff's generalized grievance is premised entirely on speculative and academic arguments and does not meet this burden. *See Thomas v. Anchorage Equal Rights Comm'n*, 220 F.3d 1134, 1137 (9th Cir. 2000) (finding plaintiffs lacked standing to challenge housing laws prohibiting discrimination on the basis of marital status because no violation of the laws was on the horizon, and no enforcement action or prosecution was either threatened or imminent).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:20-cv-08935-FLA (JEMx) | Date | April 26, 2021 |
| Title | Robert H. Newell v. Gavin Newsom, et al. | | |

Plaintiff also relies on *Roe v. Wade*, 410 U.S. 113 (1973) to argue he has standing because "the Supreme Court upheld the right to abortion in spite of the fact that the litigant, Jane Roe, was not pregnant." Opp. at 5. Contrary to Plaintiff's assertion, Ms. Roe was pregnant and facing criminal abortion laws, unlike the case at hand. *Wade*, 410 U.S. at 124. Although the Supreme Court allowed Ms. Roe to maintain her case through appeal despite the fact she had already terminated her pregnancy, the Court recognized that the 266-day human gestation period was so short that pregnancy litigation would seldom survive much beyond the trial stage if its termination made a case moot, and appellate review would effectively be denied. *Id.* at 125. No similar concerns exist in this case, as Plaintiff will have a full opportunity to litigate his claims through trial and appeal if he is or becomes the parent of a child. Based on the current Complaint, Plaintiff lacks standing to bring this claim and dismissal of the Complaint is required.

As the court finds Plaintiff does not adequately allege facts to establish standing, the court need not reach the additional arguments raised in the parties' papers.

### Conclusion

The Attorney General's Motion to Dismiss is GRANTED. Plaintiff shall have thirty (30) days from the date of this order to file an Amended Complaint. If Plaintiff fails to file an amended pleading within thirty days, the case will be dismissed in its entirety with prejudice.

IT IS SO ORDERED.

:

Initials of Preparer    vrv