

FILED
CLERK, U.S. DISTRICT COURT

04/05/2023

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ TF _____ DEPUTY

1
2
3
4

ROBERT H. NEWELL
robert.hardy.newell@gmail.com
218 S. Oakland Avenue, Unit 302
Pasadena, CA 91101
303-241-8783
Plaintiff In Pro Per

5

6

7

8        UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA

10

11   ROBERT H. NEWELL,                        ) Case No.:
                                              ) 2:20-CV-08935-FLA-JEM
12           Plaintiff,                       )
                                              )
13       vs.                                  )
                                              ) **PETITION TO RE-OPEN THE CASE**
14                                            ) **AND MOTION TO REDACT**
                                              ) **PERSONAL INFORMATION**
15   GAVIN NEWSOM, in his official capacity   )
     as Governor of the State of California,  )
16   ROB BONTA, in his official capacity as   )
     Attorney General of the State of California, )
17                                            )
     and JACKIE LACEY, in her official        )
18   capacity as the District Attorney of Los )
                                              )
19   Angeles County                           )
                                              )
20           Defendants                       )

21

22

23

24

25

26

27

28

PETITION TO RE-OPEN THE CASE AND MOTION TO REDACT PERSONAL INFORMATION - 1

**PETITION TO RE-OPEN THE CASE AND MOTION TO REDACT PERSONAL INFORMATION**

1.      Plaintiff previously brought an action that challenged certain California laws related to child abandonment and support. This Court dismissed Plaintiff's case due to lack of standing, which was affirmed by the Ninth Circuit on August 26, 2022. This case has been closed since then.

2.      Plaintiff requests that the court re-open the case in order to redact personally identifying information from the record.

3.      Plaintiff was recently fired from his job. Plaintiff received a cursory explanation for his firing. On March 27, 2023, Plaintiff was mistakenly cc'ed on an email which appears to reveal the true reason for Plaintiff's firing: Plaintiff's involvement in this litigation. Moreover, this email reveals that Plaintiff's involvement in this litigation has been circulating in reference checks and precluding future employment opportunities. The email originated from a senior professional in the investment industry who was in fact conducting a reference check on Plaintiff.

4.      Plaintiff understands that the subject matter underlying this litigation is difficult and controversial. Reasonable minds can disagree with Plaintiff's position. However, the litigation was also important. Plaintiff should not face personal and professional retaliation for bringing the original matter at hand. Plaintiff apologizes to the court for the inconvenience of redaction, but believes it is warranted in light of this retaliation. Plaintiff did not anticipate retaliation of this character and magnitude when the action was originally brought. Otherwise, Plaintiff would have sought the use of a pseudonym in the first instance!

5.      Plaintiff therefore requests redaction of his name from the docket and permission to proceed under the pseudonym "John Doe." Plaintiff specifically requests replacing Plaintiff's name with "John Doe" on the docket and in all publicly and electronically available documents so as to conceal his true name. Specifically, Plaintiff requests redaction of any references to Plaintiff's name, "Rob", "Robert", "Hardy", "H.",

or "Newell." Plaintiff requests redaction of his phone number (303-241-8783) and email (Robert.hardy.newell@gmail.com). Lastly, Plaintiff requests redaction of his physical address (218 S./South Oakland Ave/Avenue, Unit 302, Pasadena CA 91101).

6.       There is recent precedent in the Ninth Circuit for the retroactive pseudonymization of a case. See Judge Marilyn L. Huff's (of the Southern District of California) June 28, 2021 order in *John Doe v. Law Offices of Winn and Sims et al.*, Case No: 06-cv-00599-H-AJB. That order is included as an exhibit in Plaintiff's Petition.

7.       Judge Huff cites *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1067-68 (9th Cir. 2000). "A party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity. We further hold that in cases where, as here, pseudonyms are used to shield the anonymous party from retaliation, the district court should determine the need for anonymity by evaluating the following factors: (1) the severity of the threatened harm, see *Southern Methodist Univ*., 599 F.2d at 713; (2) the reasonableness of the anonymous party's fears, see *Stegall*, 653 F.3d at 186; and (3) the anonymous party's vulnerability to such retaliation, see id. (discussing vulnerability of child plaintiffs); *Doe II*, 655 F.2d at 922 n. 1 (recognizing enhanced risks to long-term prison inmate)." *Id*. at 1068.

8.       Those factors are satisfied here. Long-term unemployment is a serious harm that Plaintiff should not suffer as a result of pursuing a civil rights action. Plaintiff's fears are reasonable, since Plaintiff has received tangible evidence that past and future employers are actively and currently retaliating against Plaintiff as a result of this action. Lastly, Plaintiff is vulnerable under the circumstances. Plaintiff's mere association with such a controversial area as adoption, abortion, child support, and "deadbeat dads" renders Plaintiff subject to animus.

9.       Furthermore, redacting Plaintiff's name from the record does not prejudice any party because the case has completely terminated. Additionally, the public's interest in this case primarily centers around the underlying nature of the action, a facial

challenge against certain California child abandonment and support statutes, not the Plaintiff's identity. In fact, Plaintiff's factual circumstances were previously deemed so remote from the matter at hand that Plaintiff was held not to have standing to pursue the case!

10.     Plaintiff does not request sealing the entire record. To seal a judicial record, a movant must present "compelling reasons" that outweigh the public's interest in access to the record. *Oliner v. Kontrabecki,* 745 F.3d 1024, 1025-1026 (9th Cir. 2014). In addition, "[a]ny order sealing documents should be 'narrowly tailored'" to serve those compelling reasons. *Ervine v. Warden*, 214 F. Supp. 3d 917, 919 (E.D. Cal. 2016) (citing *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501, 513 (1984)); see also *Perez-Guerrero v. U.S. Atty. Gen.*, 717 F.3d 1224, 1235 (11th Cir. 2013) ("[T]he decision to seal the entire record of the case . . . must be 'necessitated by a compelling governmental interest [ ] and [be] narrowly tailored to that interest.'" (second and third brackets in original) (citation omitted)). Here, sealing the entire record may be overbroad and undermine the "strong presumption" favoring the public's interest in this case, a facial challenge to certain provisions of California child abandonment and support law. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016); *Oliner*, 745 F.3d at 1025-26. [1] However, if this Court does not feel pseudonymization of the record is appropriate, Plaintiff may motion for sealing of the record in the future.

11.     To the extent that this Court's order can apply to the full record, including Plaintiff's appeals to the Ninth Circuit (21-55690 and 21-55508), Plaintiff requests that it does apply. However, Plaintiff understands that he may have to apply separately to those tribunals.

12.     This motion is not opposed by Defendants.

13.     Plaintiff can now be reached at jdoe70034@gmail.com.

---

[1] Language from this paragraph borrows heavily from Judge Marilyn L. Huff's (of the Southern District of California) June 28, 2021 order in *John Doe v. Law Offices of Winn and Sims et al.*, Case No: 06-cv-00599-H-AJB. That order is included as an exhibit in Plaintiff's Petition.

Dated this 30th day of March, 2023

*/s/ Robert H. Newell*

ROBERT H. NEWELL
Plaintiff in Pro Per

**Exhibit 1 – Email on which Plaintiff was mistakenly included. Name of the senior professional is redacted to protect privacy. Plaintiff can provide unredacted emails under seal.**



WTF??? He's a TMT analyst. Well that helps explain his situation... From: Robert Newell <robert.hardy.newell@gmail.com> Sent: Tuesday, March 14, 2023 9:24 AM

to me ▾

Hey Rob -

Sorry - the note below was not intended for you.   Someone else just informed me of your extracurricular legal activities...obviously something we can talk about.

Chief Investment Officer