UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT H. NEWELL,<br><br>　　　　　　　Plaintiff,<br><br>　　v.<br><br>GAVIN NEWSOM, et al.,<br><br>　　　　　　　Defendants. | Case No. 2:20-cv-08935-FLA (JEMx)<br><br>**DENIAL OF PETITION TO RE-OPEN THE CASE AND MOTION TO REDACT PERSONAL INFORMATION [DKT. 55]** |

## RULING

Before the court is Plaintiff Robert H. Newell's ("Plaintiff") Petition to Re-Open the Case and Motion to Redact Personal Information (the "Petition"). Dkt. 55 ("Pet.").

On June 7, 2023, the court found this matter appropriate for resolution without oral argument and vacated the hearing set for June 16, 2023. Dkt. 57; *see* Fed. R. Civ. P. 78(b); Local Rule 7-15.

For the reasons stated herein, the court DENIES the Petition.

//

//

1

## BACKGROUND

On September 29, 2020, Plaintiff filed the Complaint against Defendants Gavin Newsom, Xavier Becerra, and Jackie Lacey,[1] alleging that various provisions of the California Family Code violate certain fundamental and constitutional rights. Dkt. 1.

On April 26, 2021, the court granted Defendant Xavier Becerra's Motion to Dismiss because Plaintiff lacked standing to bring the action. Dkt. 41. On June 14, 2021, the court granted Plaintiff leave to file an amended complaint within twenty-one days. Dkt. 46. Rather than file an amended complaint, Plaintiff instead requested the court enter a "final, appealable order" and dismiss the action with prejudice. Dkt. 47. The court subsequently granted Plaintiff's request and dismissed the action with prejudice. Dkt. 48

Plaintiff appealed to the Ninth Circuit. Dkt. 49. On August 26, 2022, the Ninth Circuit affirmed this court's Order dismissing Plaintiff's claims with prejudice. Dkt. 53.

On April 5, 2023, Plaintiff filed the Petition, seeking to re-open the action and redact his personal information from the docket. Pet. Plaintiff alleges he was recently terminated by his employer and given "a cursory explanation for his firing." *Id.* at 2. He claims he was subsequently copied on an email "which appears to reveal the true reason for Plaintiff's firing: Plaintiff's involvement in this litigation." *Id.* Plaintiff further alleges his "involvement in this litigation has been circulating in reference checks and precluding future employment opportunities." *Id.* The Petition, therefore, requests the court review the docket and redact all instances of Plaintiff's name, telephone number, and physical address. Pet. 2–3.

## DISCUSSION

Federal courts recognize a long-standing right to inspect judicial records and documents. *See Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978); *United*

---

[1] Plaintiff later voluntarily dismissed Defendant Jackie Lacey. Dkts. 33, 34.

*States v. Index Newspapers, LLC*, 766 F.3d 1072, 1084 (9th Cir. 2014) ("[T]here is a presumed public right of access to court proceedings.") (citation omitted). In *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) ("*Does*"), the Ninth Circuit outlined three factors district courts are to consider when determining the appropriateness of preserving anonymity in judicial proceedings: "(1) the severity of the threatened harm, ... (2) the reasonableness of the anonymous party's fears, ... and (3) the anonymous party's vulnerability to such retaliation[.]"

Having considered the factors set forth in *Does*, the court finds Plaintiff has not shown his need for anonymity outweighs the common law right of access to judicial proceedings. *See id*.

First, Plaintiff does not demonstrate the threatened harm is more severe than that of any other plaintiff alleging similar claims. The Ninth Circuit in *Does* cited *Southern Methodist University Ass'n of Women Law Students v. Wynne and Jaffe*, 599 F.2d 707 (5th Cir. 1979) ("*Southern Methodist*"), for the proposition that, while evidence of economic harm is not "always irrelevant to the question of whether plaintiffs may proceed anonymously," a plaintiff presenting evidence of only economic harm must demonstrate he faces a "greater threat of retaliation than the typical plaintiff." *Does*, 214 F.3d at 1070–71 (citing *Southern Methodist*, 599 F.2d at 713). In fact, the Ninth Circuit categorized "threats of termination and blacklisting" as "*perhaps typical* methods by which employers retaliate against employees who assert their legal rights." *Id.* (emphasis added).

Here, Plaintiff asserts only economic harm; specifically, he alleges future employers may become aware of his participation in this action and terminate his employment. Pet. at 2. Plaintiff, however, has not demonstrated he is subject to extraordinary harm, particularly given the nature of the claims he brought in this action. In other words, Plaintiff does not demonstrate how any potential retaliation he may face is "greater... than the typical plaintiff" asserting similar claims. *See Does*, 214 F.3d at 1070–71.

3

Second, Plaintiff's fears are not reasonable. While Plaintiff need not prove that a party "intend[s] to carry out the threatened retaliation," he must show that he was "threatened, and that a reasonable person would believe that the threat might actually be carried out." *See id.* at 1071. Plaintiff's Petition fails to carry this burden. Plaintiff alleges he was "mistakenly cc'd on an email which appears to reveal the true reason for Plaintiff's firing: Plaintiff's involvement in this litigation." Pet. at 2. In reviewing the email (included as Exhibit 1 to the Petition), however, the court is not convinced of Plaintiff's interpretation. *See* Pet. at 5. As Plaintiff admits, the email which he attaches to his Petition is not from the employer that terminated him; rather, the email comes from a prospective employer who refers to Plaintiff's "extracurricular legal activities." Pet. at 5. Even assuming the referenced "extracurricular legal activity" refers to this action,[2] Plaintiff does not demonstrate he has been threatened simply by virtue of losing out on employment he never secured.

Further, even if the email Plaintiff provides could be construed as a "threat," the threat does not rise to the level set forth in *Does*, where "plaintiffs were interrogated about, warned against, and threatened for making complaints about their working conditions by defendants and recruiting agents." *Does*, 214 F.3d at 1071. Simply put, based on the evidence before it, the court is not persuaded that a reasonable person would be fearful of a foreclosure of all future employment opportunities.

Finally, Plaintiff is not especially vulnerable to retaliation. As the Fifth Circuit stated in *Doe v. Stegall*, 653 F.2d 180 (5th Cir. 1981), a case on which Plaintiff relies, "[t]he threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity." *Id.* at 186; Pet. at 3. When courts do make a ruling to allow anonymity, it is typically upon some showing of great vulnerability by the movant. *See, e.g.*, *Stegall*, 653 F.2d at 186 (children); *United States v. Doe*, 655 F.2d

---

[2] This is not a safe assumption. As Plaintiff concedes, he is involved in at least one other civil rights action in this district. *See* Dkt. 58 at 2.

4

920, 922 n. 1 (9th Cir. 1980) (prison inmates).  Plaintiff has not made any showing that he is one such vulnerable person.

The court, having considered the factors set forth in *Does* concludes Plaintiff has not demonstrated his desire for anonymity outweighs the presumed public right to access of court records.  In short, Plaintiff has not demonstrated he is actively subject to any harm whatsoever.

## CONCLUSION

For the reasons stated above, the court DENIES the Petition.

IT IS SO ORDERED.

Dated: June 29, 2023

> _____
> FERNANDO L. AENLLE-ROCHA
> United States District Judge